IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| THOMAS E. DAVIS, JR.<br>605 Elfin Avenue<br>Capitol Heights, MD 20743<br><br>    Plaintiff,<br>v.<br><br>DELTA AIRLINES INC.<br>**Registered Agent:**<br>Corporation Service Company<br>100 Shockoe Slip Fl 2<br>Richmond, VA 23219<br><br>    Defendant. | Case No.:_____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Thomas E. Davis, by counsel, hereby complains as follows against Defendant Delta Airlines, Inc.

## INTRODUCTION

1. Plaintiff Thomas E. Davis ("Plaintiff" or "Mr. Davis"), has initiated this action to redress violations by Defendant Delta Airlines Inc. ("Defendant" or "Delta") of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. ("FMLA") and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA"). Plaintiff was terminated from his employment for taking medical leave for FMLA-qualifying conditions attendant to his disability and was otherwise discriminated against on the basis of his disability and prior use of FMLA qualifying leave.  As a result, Plaintiff suffered damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332.

1

3. This Court has personal jurisdiction over Defendant because Defendant operates in Virginia.

4. Pursuant to 28 U.S.C. §1391, venue is properly laid in this district because Defendant conducts substantial, systematic, and continuous activity in this district and is subject to personal jurisdiction in this district, and because all of the acts underlying this lawsuit occurred in this district.

**PARTIES**

5. The foregoing paragraphs are incorporated herein as if set forth in full.

6. Mr. Davis is an adult individual with an address as set forth above.

7. Defendant is a Georgia corporation with its principal place of business in Atlanta Georgia.

8. Defendant is authorized to operate in the Commonwealth of Virginia as Entity ID: F0196032.

9. Defendant employed Mr. Davis until he was terminated on September 22, 2020.

10. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

**PROCEDURAL HISTORY:**

11. More than thirty days prior to the institution of this lawsuit Plaintiff, filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII and the ADA by Defendant. On January 11, 2021, Plaintiff filed his charge of discrimination with the EEOC, Charge No. 570-2021-00634. *See Exhibit A*. Subsequently on April 14, 2022, the

EEOC issued a right to sue letter. *See Exhibit B*. All other conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTS:

12. Defendant has engaged in unlawful employment practices in violation of the FMLA and the ADA.

13. Mr. Davis was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(2)(a)(i)(ii).

14. Mr. Davis had worked at least 1,250 hours for Defendant during the twelve (12) months prior to him taking FMLA-qualifying leave on August 11, 2020.

15. At the time of his termination, Defendant employed in excess of fifty (50) employees within seventy-five (75) miles of the location where Plaintiff worked during the time of his termination.

16. Defendant is an employer as that term is defined by the ADA.

17. Mr. Davis is a disabled employee as that term is defined by the ADA.

18. Mr. Davis was hired to work for Delta as a Ramp Agent at National Airport in Arlington Virginia on November 11, 1998.

19. During the time he worked there, he received positive feedback and was not subject to any disciplinary action.

20. Mr. Davis suffers from severe Gastroesophageal Reflux Disease ("GERD").

21. Delta was aware of this and had previously permitted Mr. Davis to take paid and unpaid leave on an intermittent basis as a result of his condition.

22. On August 11, 2020, while at work, Mr. Davis fell ill and began vomiting and defecating on himself.

23. As a result, he had to leave work.

24. After leaving work, he attempted to visit his doctor's office. However, he was unable to as the office was not taking walk-ins due to the COVID-19 pandemic.

25. When Mr. Davis returned to work for his next scheduled shift on August 15, 2020, he was asked by Elizabeth Dickerson, the general manager, and an officer from Human Resources, Minfang Long, to provide medical documentation of his doctor's visit on August 11, 2020. Mr. Davis informed them he was unable to visit due to his doctor's office's policy of no walk-ins during COVID-19.

26. The request for additional medical information was not made in writing nor made consistent with 29 C.F.R. § 825.305(b),

27. Mr. Davis was never offered an explanation for his termination nor was he ever informed in writing of the reason for his termination. Nor was Mr. Davis ever requested to undergo any medical testing in order to keep his job.

28. Later, Mr. Davis offered Delta paperwork for medical treatment he had received on August 17, 2020, and August 24, 2020, which corroborates the necessity for his leave on August 11, 2020. Ms. Dickerson responded that she did not want to see this paperwork. Ms. Dickerson and William Cruz, Plaintiff's supervisor, and Matt, another supervisor, all began calling Plaintiff's doctor's office, demanding his medical records. At no time did Delta have any authorization from Plaintiff to do so.

29. According to Delta's submission to the EEOC, Delta was unable to confirm whether or not Mr. Davis had attempted to visit his doctor on August 11, 2020, as he had claimed.

30. On August 19, 2020, Ms. Disckinson called Mr. Davis into her office for a meeting, with her and Mr. Cruz. In that meeting they called Mr. Davis a liar and claimed to have called his doctor's office prior to the meeting and discussed his medical condition with his treating physician.

31. At the time of this meeting, Ms. Dickerson had not been able to confirm with Mr. Davis' treating physician his condition and had refused to accept other medical paperwork Mr. Davis had provided regarding his condition.

32. On information and belief, On August 20, 2020, after several attempts were made to reach Largo Primary Care, Delta was able to send a fax requesting information regarding Mr. Davis but never heard back nor followed up with the request.

33. On August 30, 2020, Mr. Davis was verbally placed on a 21-day suspension for the purposes of an investigation. He did not hear from his employer until Ms. Dickerson called him on September 21, 2020, informing Mr. Davis that he had the option to resign, or he would otherwise be terminated on September 22, 2020, at 12:30 PM. Ms. Dickerson told Mr. Davis she could not provide him with a reason for his termination. Mr. Davis called Ms. Long in human resources to inquire the reason for his termination and none was offered other than his inability to provide documentation that he was seen by a doctor on August 11, 2020.

34. At the time Mr. Davis sought to take FMLA leave, he had accrued leave and available FMLA leave.

35. Shortly before Mr. Davis needed to take FMLA leave, he had been approved for FMLA leave on the basis of his illness, GERD.

36. In fact, Mr. Davis had been approved for intermittent FMLA qualifying leave from February 17, 2020, through February 12, 2021, on an as-needed basis, see Delta Airlines Case Number: B912120228500103TC.

37. This meant that episodic needs for FMLA-qualifying leave did not require a new medical certification for each time leave needed to be taken.

38. The FMLA regulations anticipate "reasonable basis" for recertification as "no more often than every 30 days and only in connection with an absence by the employee" unless an exception applies. 29 C.F.R. § 825.308(a).

39. An employer may request recertification in less than 30 days only in the case of changed circumstances or when the employer doubts the continuing validity of the certification. 29 C.F.R.§ 825.308(c).

40. The FMLA regulations also permit contact with a health care provider only for authentication and clarification of a medical certification, but not to gather medical information. 29 C.F.R. § 825.307(a).

41. Defendant had not raised complaints about Mr. Davis' behavior prior to his termination and request for leave on August 11, 2020.

42. Defendant was knowledgeable, or should have been knowledgeable, about the Defendant's affirmative obligations under the FMLA including the obligations not to interfere with Mr. Davis' entitlements as set forth under 29 C.F.R. § 825.220. Defendant knew he had GERD, and Mr. Davis was visibly and obviously ill when he left work

43. By terminating Mr. Davis for seeking medical leave, Defendant failed to meet its statutory burden, complying with the FMLA in good faith. *See* 29 C.F.R. § 825. This was discrimination as Plaintiff sought leave for a protected reason.

## COUNT I:

## Discrimination in Violation of the ADA, 42 U.S.C. § 12101, et seq.
### (Americans with Disability Act)

44. Mr. Davis re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

45. Mr. Davis' condition substantially limits his major life activities of working.

46. Mr. Davis' condition qualifies as a disability under the ADA.

47. The ADA provides that "no covered entity shall discriminate against a qualified individual with a disability because of the disability . . . ." 42 U.S.C. § 12112(a). Title I of the ADA requires "reasonable accommodation" of employees' disabilities by their employers. Under the ADA, the term "discriminate" is defined as including "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5)(A).

48. At no time did Defendant engage in the interactive process with Mr. Davis regarding his medical condition and his request for paid and/or unpaid leave.

49. The termination of Mr. Davis was motivated by his need to take time off to attend to his disability.

50. Medical leave, paid or unpaid, qualifies as an accommodation under the ADA. *See e.g.* Employer-Provided Leave and the Americans with Disabilities Act, OLC Control Number EEOC-NVTA-2016-1 (May 9, 2016).

51. Upon information and belief, others who were similarly situated, but who were not affected by GERD or medical conditions, were not subject to termination for making requests for leave.

52. As a direct and proximate result of Defendant's discrimination of Mr. Davis, he has suffered damages, including emotional distress, damage to his reputation, anxiety, nightmares, insomnia, humiliation, and loss of enjoyment of life as well as the termination of his employment.

## COUNT II
### Violations of the Family and Medical Leave Act
### (Interference)

53. Mr. Davis re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

54. Mr. Davis requested temporary leave because of his illness.

55. Mr. Davis was entitled to leave pursuant to the FMLA when he took his leave on August 11, 2020.

56. Mr. Davis provided notice to Defendant that he had an illness and needed FMLA qualifying leave. Mr. Davis was terminated due to reasons associated with his illness and associated medical needs which necessitated his need for FMLA qualifying leave.

57. As a result of Defendant's wrongful termination of Mr. Davis, he has suffered economic damages as well as other damages, including emotional distress, damage to his reputation, anxiety, nightmares, insomnia, humiliation, and loss of enjoyment of life.

## COUNT III
### Violations of the Family and Medical Leave Act
### (Retaliation)

58. Mr. Davis re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

59. Defendant knew Mr. Davis was ill and that he needed FMLA- qualifying leave for his illness.

60. Defendant retaliated against Mr. Davis by firing Mr. Davis for taking FMLA in the past and FMLA-qualifying leave.

61. Defendant was not permitted to retaliate against Plaintiff for exercising or attempting to exercise his rights under the FMLA.

62. Defendant violated Mr. Davis' reinstatement rights by terminating him for seeking leave on the basis of a pretextual reason.

63. As a result of Defendant's wrongful termination of Mr. Davis, he has suffered economic damages as well as other damages, including emotional distress, damage to his reputation, anxiety, nightmares, insomnia, humiliation, and loss of enjoyment of life.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that this Court enter an Order providing that:

A. Defendant is prohibited from continuing to maintain its illegal policy, practice or custom of interfering with and retaliating against employees who exercise or who attempt to exercise their rights under the FMLA and the ADA and are to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

B. Defendant compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

C. Plaintiff be awarded liquidated damages pursuant to the FMLA because Defendant's violations of the FMLA were without good faith.

D. Award Plaintiff compensatory damages in an amount to be determined by the jury;

  E. Award punitive damages in favor of Plaintiff against Defendant in an amount to be determined by the jury;

  F. Award Plaintiff his reasonable costs and expenses incurred in this action, including attorneys' fees;

  G. Order equitable relief including but not limited to backpay and front pay; and

  H. Enter such other and further relief as the Court may deem just and proper.

  I. Plaintiff is permitted to have a trial by jury.

           Respectfully Submitted
           Plaintiff
           By Counsel

Dated: June 22, 2022.

  /s/
Matthew T. Sutter, Esq., VSB 66741
Sutter & Terpak, PLLC
7540A Little River Turnpike
Annandale, VA 22003
Telephone: 703-256-1800
Facsimile: 703-991-6116
Email: matt@sutterandterpak.com
Counsel for Plaintiff